UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MELINDA M. ALCORN,                     Case No. 1:13-cv-119

       Plaintiff,                           Judge Timothy S. Black

vs.

PARKER HANNIFIN CORP., *et al.*,

       Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO PERMIT DISCOVERY
### (Doc. 20)

This civil action is before the court on Plaintiff's Motion to Permit Discovery (Doc. 20) and the parties' responsive memoranda (Docs. 23, 24).

### I.      BACKGROUND FACTS AND PROCEDURAL POSTURE

Plaintiff is a beneficiary of the Parker Hannifin Corp. Employee Benefit Plan (the "Plan"), a defendant in this case. (Doc. 21 at ¶ 13). Prior to his death, Plaintiff's husband participated in the Plan while employed by Defendant Parker Hannifin Corp. ("Parker Hannifin"). (Doc. 21 at ¶ 13). The Plan is governed by the Employee Retirement Income Security Act ("ERISA").

The Plan included three welfare benefits, of which two are at issue in this case — the Accidental Death & Dismemberment ("AD&D") and the Personal Accident Insurance ("PAI") policies. (Doc. 21 at ¶ 21). The AD&D and PAI policies were issued by Defendant Zurich American Insurance Company ("Zurich"). (Doc. 22 at ¶ 3).

On December 13, 2011, Zurich issued a statement to Plaintiff that she was not entitled to receive benefits. (Doc. 21, Exs. 162-65). In short, Zurich denied benefits due to its "Intoxication Exclusion," which states that "A loss will not be a Covered Loss if it is caused by or results from . . . an Insured's being intoxicated while operating a motor vehicle . . . ." (*Id.*) Subsequently, Plaintiff filed the instant action.

## II.   ANALYSIS

The general rule is that the district court only considers "evidence that was first presented to the administrator" when it made the original decision to deny benefits. *Wilkins v. Baptist Health Care Sys.*, 150 F.3d 609, 618 (6th Cir. 1998). That evidence is designated as the "administrative record." *Kalish v. Liberty Mut.*, 419 F.3d 501, 508 (6th Cir. 2005). Therefore, generally, discovery is not permitted in an ERISA denial-of-benefits case. *Id.*

### A. Conflict of Interest

There are exceptions to the no-discovery rule, however. First, there is an exception when the plan administrator has a conflict of interest. *Wilkins*, 150 F.3d at 618. A district court may consider evidence outside the administrative record if "that evidence is offered in support of a procedural challenge to the administrator's decision, such as . . . alleged bias on its part." *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 430 (2006). The Sixth Circuit has held that a company has a "conflict of interest" when, as "administrator, it interprets the plan, deciding what expenses are covered, and as issuer of the policy, it ultimately pays those expenses." *Peruzzi v. Summa Med. Plan*, 137 F.3d 431, 433 (6th Cir. 1998).

In *Johnson v. Connecticut Gen. Life Ins. Co.*, 324 Fed. Appx. 459 (6th Cir. 2009), the Sixth Circuit explained that the district court has "discretion" on whether to allow discovery in an ERISA case. *Id.* at 467. The "significance of the conflict" of interest depends "on the circumstances of each case." *Id.* At one end of the spectrum, a "conflict of interest 'should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision.'" *Id.* At the other end, a conflict should prove "less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy." *Id.*

Plaintiff alleges that this case "raises significant and substantial conflict of interest issues based upon the self-dealing of Zurich American." (Doc. 20 at 5). Specifically, Plaintiff contends that "Zurich American funded the PAI and AD&D benefits, changed the funding mechanism and while acting as a fiduciary, denominated its policy as the Plan document, and then modified the exclusions . . . ." (Doc. 20 at 4). Plaintiff's Complaint also alleges that Zurich acted as a fiduciary in making "the determination to deny death benefits" and also acted as issuer of the Plan in modifying the funding of the Plan.[1] (Doc. 21 at 6, 7).

---

[1] Defendants deny the allegation that "Zurich American, in its non-disclosed modification of the funding of the Parker Hannifin Corp. Employee Benefit Plan, materially limited the availability of these funds to the beneficiaries and participants without disclosure to Darryl. W. Alcorn or any affirmative act or Plan amendment by Parker Hannifin." (Doc. 21 at ¶ 7; Doc. 22 at ¶ 9). However, Defendants admit that Zurich was designated as the claims fiduciary of the Plan and that Zurich replaced the prior AD&D and PAI policies of May 1, 2002, with the 2009 policy which included the "Intoxication Exclusion." (Doc. 22 at ¶¶ 24, 26; Doc. 21 at ¶¶ 37, 38).

The Court finds that Plaintiff has made more than a "mere allegation" that a conflict of interest exists because there is evidence that the administrator of the Plan "may favor their financial and profit-making interests over the best interests of the plan participants." *Peruzzi*, 137 F.3d at 433.

## B. Due Process

A plaintiff is also entitled to ERISA discovery when the plan administrator does not provide due process. *Moore*, 458 F.3d at 430. The due process requirements provide that the plan administrator must state a "full and fair review." 29 C.F.R. § 2560.503-1(h)(2). A full and fair review means that the plan administrator shall provide copies of "all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii). When an administrator fails to provide copies of all documents requested by a claimant, it is a violation of 29 C.F.R. § 2560.503-1(h)(2)(iii).

Defendants argue that Plaintiff is not entitled to discovery because "she present[s] only a self-serving conclusion that she has been denied due process but present[s] nothing to back up that accusation." (Doc. 23 at 6).

The Court disagrees. On March 12, 2012, Plaintiff requested Parker Hannifin to provide copies of "any and all Plan Documents, the applicable Summary Plan Description, and the date on which the actual contents of the policy coverage or Summary Plan Description was made available to the Plan participants, amongst other things." (Doc. 21 at ¶ 57). Defendants acknowledge that "the administrative record . . . does not appear to show everything Plaintiff's counsel may have collected." Further,

- 4 -

Defendants state that "the documents in the administrative record suggest that Parker-Hannifin may have been confused or misunderstood what documents Plaintiff's counsel was seeking at the time, or may have accidentally sent versions of plan documents not for the relevant time periods." (Doc. 23 at 8). If the Plan did not provide all documents that were relevant to the claim, it may have violated 29 C.F.R. § 2560.503-1(h)(2)(iii).

Accordingly, Plaintiff has alleged sufficient facts to maintain a due process violation and is therefore entitled to discovery on the issue.

### C. Scope of Discovery

Finally, Defendants argue that Plaintiff's proposed discovery requests are not related to the cited procedural challenges. (Doc. 23 at 7).

The Court finds that Plaintiff is entitled to discovery on the procedure of Plan development, the disclosure of benefits, and the conflict of interest on the part of Zurich, but nothing more.

### III. CONCLUSION

Accordingly, for the reasons stated here, Plaintiff's motion to permit discovery (Doc. 20) is **GRANTED**.

**IT IS SO ORDERED**.

Date: 8/7/13            */s/ Timothy S. Black*
                        Timothy S. Black
                        United States District Judge